IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-31122
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICKEY MARCEL PATT

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CR-60047-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mickey Marcel Patt appeals his jury trial conviction for being a felon in possession of a firearm. Patt was sentenced to a term of imprisonment of 115 months.

Patt argues that the Government failed to prove that he had knowledge of the firearms concealed in the console of his vehicle because the Government's own evidence rebutted its theory of the case. He contends that the Government's evidence reflected that he was in prison at the time the customized console was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

placed in the car and, thus, the testimony that he ordered the work done was incredible. He further contends that his passenger, Roger Fontenette, who had drugs on his person at the time of the stop, was the likely owner of the firearms. Patt also asserts that his counsel was ineffective because he was acting under a conflict of interest due to his prior representation of Fontenette and counsel failed to argue that the guns belonged to his former client.

Where, as here, a defendant makes a timely motion for acquittal, this court will uphold a jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. United States v. Delgado, 256 F.3d 264, 273 (5th Cir. 2001). The evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict; all credibility determinations and reasonable inferences are to be resolved in favor of the verdict. United States v. Resio-Trejo, 45 F.3d 907, 910-11 (5th Cir. 1995).

To establish a violation of 18 U.S.C. § 922(g)(1), the Government must prove that the defendant (1) has been convicted of a felony, (2) possessed a firearm in or affecting interstate commerce, and (3) knew that he was in possession of the firearm. United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995). The only disputed element at trial was whether Patt knowingly possessed the firearms.

Possession of a firearm may be actual or constructive, and may be proven by circumstantial evidence. United States v. McCowan, 469 F.3d 386, 390 (5th Cir. 2006). As Patt did not have actual possession of the firearms, the Government had to prove "ownership, dominion, or control over the contraband itself or dominion or control over the [location] in which the contraband is concealed." United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993) (internal quotation marks and citation omitted). The evidence must at least support a plausible inference that the defendant had knowledge of and access to the weapon. Id. A jury, as trier of fact, may choose to accept or reject a witness's

testimony in whole or part, even if there is some conflict in the testimony. United States v. Pruneda-Gonzalez, 953 F.2d. 190, 196 (5th Cir. 1992). A jury's credibility determination can only be disturbed if the testimony is factually impossible, which would render it incredible as a matter of law. United States v. Landerman, 109 F.3d 1053, 1067 (5th Cir. 1997)

The evidence raised a plausible inference that Patt exercised dominion and control over the firearms found in the Cadillac's console. It was undisputed that Patt was the owner of the vehicle on the date of the traffic stop and that he had been using the vehicle for one to two months before that date. The evidence also showed that the broken seal on the wooden panel would have been obvious to the driver of the vehicle and, thus, the jury could have inferred that Patt was aware of the altered console and that he had used it to conceal the firearms.

Further, there was plausible evidence that Patt had ordered the custom work performed on the vehicle. During direct examination by the Government, Darlene and Amos Fruge, Jr. both testified that Patt had contracted for the customizing job, including the building of the console, and had given detailed instructions on how the work was to be performed. Fruge's Jr.'s grand jury testimony also reflected that he had done the work at Patt's detailed direction. Neither Fruge, Jr. nor Darlene gave a credible explanation for the change in their testimony when they were called to testify for the defense. The jury was free to accept their initial testimony as credible.

Insofar as Patt argues that the witnesses' testimony was incredible as a matter of law because he was incarcerated when the work was done, "[t]estimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." United States v. Green, 180 F.3d 216, 221-22 (5th Cir. 1999) (internal quotations and citations omitted). The Government presented evidence that raised a plausible inference that Patt was released on parole at the time that the customized work was done on the vehicle. The testimony that Patt

personally ordered the work to be done was an event that could have occurred and, thus, it was not incredible testimony as a matter of law.

Insofar as Patt argues that his counsel was deficient in his representation, the general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Patt's argument is not reviewable on direct appeal in this case because the record is not sufficiently developed on the issue. We decline to address this claim of ineffective assistance on direct appeal without prejudice to Patt's right to bring it in a 28 U.S.C. § 2255 proceeding. See United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert. denied, 129 S. Ct. 159 (2008).

Patt's conviction is AFFIRMED.